USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FATIMAH ATTAWAB-CHERRY,

Petitioner,

-v-

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., *et al.*,

Respondents.

1:26-cv-3043-GHW-KHP

ORDER

GREGORY H. WOODS, United States District Judge:

Petitioner Fatimah Attawab-Cherry commenced this action *pro se* in the Supreme Court of the State of New York, New York County on March 11, 2026, seeking to vacate a labor arbitration award under Article 75 of the New York Civil Practice Law and Rules. Dkt. No. 1. On April 14, 2026, Respondent Consolidated Edison Company of New York, Inc. removed the action to this Court. *Id.* On April 23, 2026, Petitioner moved to remand the action to state court. Dkt. No. 15. Respondents Consolidated Edison Company of New York, Inc. and Utility Workers Union of America Local 1-2 (the "Union") filed memoranda of law in opposition to Petitioner's motion to remand on May 14, 2026. Dkt. Nos. 20, 22.

On July 29, 2026, Magistrate Judge Katharine H. Parker, to whom this case had been referred for general pretrial matters and dispositive motions, issued a thoughtful and well-reasoned report and recommendation on Petitioner's motion to remand. Dkt. No. 33 (the "R&R"). Judge Parker recommended that the Court deny Petitioner's motion. *Id.* at 9. Judge Parker concluded that Petitioner's state law claim is completely preempted by Section 301 of the Labor Management Relations Act and thus arises under federal law, and that removal was procedurally proper because the Union, as a nominal party, was not required to consent to removal. *Id.* at 5–9.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days after being served with a copy of the report, with three additional days added to that period when service is made by mail. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2), 6(d). The R&R specifically stated that the "failure to file these timely objections will result in a waiver of those objections for purposes of appeal." R&R at 11.

On August 18, 2026, Judge Parker directed Respondents to serve a copy of the R&R on Petitioner and ordered that Petitioner would have seventeen days from the date that Respondents filed a declaration of service to file objections. Dkt. No. 34. Respondents filed a declaration of service the same day. Dkt. No. 35. Accordingly, Petitioner's objections were due by September 4, 2026. No objections to the R&R were submitted by the September 4, 2026 deadline.

The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety. For the reasons described above, Respondents have established that removal was proper, and Petitioner's motion to remand is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 15 and to mail a

copy of this order to Petitioner.

SO ORDERED.

Dated: September 10, 2026
New York, New York

GREGORY H. WOODS
United States District Judge